O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DU TRONG NGUYEN,<br><br>　　　　Defendant. | CR 16-00166-ODW-1<br>CR15-00662-ODW-14<br><br>**ORDER DENYING MOTION TO DISQUALIFY TRIAL JUDGE UNDER 28 U.S.C. §§ 144 OR 455(A)(B)** |

## I.　　INTRODUCTION

On August 15, 2022, Defendant filed his motion to disqualify the trial judge pursuant to 28 U.S.C. §§ 144 or 455, [DE-749]. Frankly, the grounds are not clear. For example, in the opening paragraphs of the motion, Defendant states, "this motion is made following the attempts to evidence the facts that federal courts lacked original jurisdiction in the matter against Du-Truong: Nguyen." (Mot. 2.) The Court is left to assume this refers to Du's attempt to file dozens of pieces of paper excerpting the Constitution, with no context and no memorandum explaining the relevance of those random pieces of paper and how they might assist the Court in the sentencing decision before it. Perhaps the Court's unwillingness to accept those papers for filing on the morning of sentencing rather than two weeks prior to the sentencing date as ordered, is evidence of bias. It was not. Indeed, had the government made the same error, it

would have met a similar fate. The rules require adherence by all parties and are applied evenly.

## II. LEGAL STANDARD

There are two federal statutes enacted to assure that litigants receive a fair trial before an impartial judge, 28 U.S.C. §§ 144 and 455. Section 455 provides that any judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The section also provides specific examples of situations where a judge's impartiality might be questioned, for example when the judge might have a financial interest that could be affected by the outcome of the matter, or circumstances that if known, might cause a reasonable person to question the judge's impartiality.

Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"*The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." (Emphasis added.)

## III. DISCUSSION

Du does not state under which of these two statutes he elects to proceed: Section 455 or 144. Section 144 requires a verification setting forth the facts he contends establish a personal bias or prejudice. Other than a Verification form for the notary, there is no verification supplied by Du setting forth the facts upon which his motion is based. The Court then assumes the motion is brought under Section 455,

which is addressed to situations where a judge's impartiality might reasonably be questioned. An example of a situation most commonly used for illustrative purposes is when a judge might have a financial interest in the outcome of the matter. A rare circumstance in a criminal proceeding. However, in his papers he appears to complain about not having received an answer to an inquiry about the Court's financial interest in the outcome of this case. While not a model of clarity, the precise rationale offered by Du is the following:

> JUDGE OTIS D. WRIGHT II has openly and knowingly participated in the above actions against Du-Truong Nguyen, JUDGE OTIS D. WRIGHT II, has not provided the W-9 EIN number request form nor has he provided any documentations (sic) on any of his possible financial interests in the matter with a no response to the question for everyone to provide any and all FINANCIAL INTEREST in this matter and the request was all responses to be in writing. By the Silence of JUDGE OTIS D. WRIGHT II, and all attorney's in regards to them providing their FINANCIAL INTEREST in this matter as acquiescence (sic).

(Mot. 7.)

The Court is left to assume that the lack of a response warranted the negative inference that the Court has some financial interest in this case. Presumably he is unaware of the fact that all Article III judges file an annual financial disclosure report which is available to the public upon request.

As additional rational for the bringing of this motion for disqualification, the introductory paragraph to the motion states the following:

> This motion is made following the attempt to evidence the facts that federal courts lacked original jurisdiction in the matter against Du-Truong: Nguyen That case was allegedly brought by the "United States of America" (or "USA"), but attorneys for the U.S. Department of Justice ("DOJ") have no powers of attorney to represent the "USA", as such.

(*Id.* at 2.)

Obviously, this adds no further clarity to the question of why or on what basis this motion is brought. Had a "sufficient affidavit" been filed as required by section 455, such speculation would be unnecessary. Facts, as opposed to vague generalizations would have been presented. Instead, we are left with disjointed legal conclusions but not a single concrete fact which might give rise to a reasonable conclusion that the trial judge might not be able to be impartial in this matter.

## IV.   CONCLUSION

In the final analysis, the Court is unable to articulate a logical reason to conclude there exists any level of bias against Petitioner or favoritism towards another party to the instant litigation. Frankly, attempting to construct a rational argument as to why a judge cannot be impartial in a case is not the role of the Court, but a burden which must be shouldered by the party bringing the motion to disqualify. 28 U.S.C. § 144. Here, Petitioner has not met that burden.

Nothing constructive can come of characterizing the instant motion. We have little more than allegations of failure to live up to the oath of office but no particulars about that failure nor a demonstration of how that vague failure has resulted in the conclusion of bias. There is also the unsupported assertion that the Court may have a financial interest in the outcome of this case, but no explanation is offered as to how that might be so. Suffice it to say that disconnected conclusory assertions of wrongdoing do not address the question of bias. Moreover, the alleged wrongdoing, with literally no factual support, is insufficient to convince this Court that a prima facie case of bias has been made. For that reason, the motion is **DENIED**.

**IT IS SO ORDERED.**

August 18, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**